Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO: 1:23-CR-02003-MKD-1 |
| Plaintiff, | PLAINTIFF'S SENTENCING MEMORANDUM |
| vs. | |
| JACOB RODNEY PENNY, | |
| Defendant. | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Thomas J. Hanlon, Assistant United States Attorney, submits the following sentencing memorandum:

Government's Sentencing Memorandum                1

I.

OFFENSE LEVEL & CRIMINAL HISTORY

The United States agrees with the calculations contained in the Presentence Investigation Report (hereinafter "PSIR"). As to Count 1, the total offense level is 34; the criminal history category is VI; and the guideline range is 262-327 months. As to Count 3, the guideline range is 120 months.

Here, pursuant to the terms of the plea agreement, the United States has agreed to recommend a sentence within the applicable guidelines. The Defendant has agreed to recommend any legal sentence.[1]

II.

DEPARTURES

The government is not recommending a departure from the guidelines.

III.

SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

---

[1] See ECF No. 45.

On February 24, 2022, a residential burglary was committed and several personal items, including a set of Stocki skis, ski boots, and a back ski bag, were stolen.

On May 13, 2022, the victim of the residential burglary observed a Craigslist advertisement which depicted his skis, ski boots, and black ski bag for sale. The victim contacted law enforcement.

Law enforcement contacted the seller (identified as Alan) and requested to purchase the skis. The deputy and Alan negotiated a price for the items. Ultimately, "Alan" advised that "Roy" would transport the merchandise to the Wolf Den in Wapato. "Alan" advised that "Roy" would be driving a newer white Chevrolet Tahoe.

Law enforcement set up a perimeter around the Wolf Den and observed the arrival of the suspect vehicle. The Defendant was driving the suspect vehicle. The deputies surrounded the vehicle and contacted the Defendant. The Defendant advised, "Ah I know this is about those stupid skis isn't it?" The Defendant advised that his friend had sold the skis but his vehicle was too small to transport the skis.

Law enforcement subsequently obtained and executed a search warrant on the vehicle. As relevant here, the deputies discovered hundreds of fentanyl pills, methamphetamine, US Currency, and a firearm.

The Defendant is 44 years old and has a lengthy and violent criminal history. The Defendant has routinely been involved in the criminal justice system for more than twenty years. The Defendant has been convicted of the following offenses: (1) Negligent Driving (1998)(pled down from Driving under the Influence); (2) Domestic Violence Assault (1998); (3) Violation of No-Contact Order x2 (1999); (4)Violation of No-Contact Order (2000); (4) Assault in Violation of No-Contact Order (2000); (5) Driving under the Influence x2 (2000-01); (6) Assault (2000); (7) Assault in Violation of No-Contact Order x2 (2002); (8) Third Degree Assault (2004); (9) Domestic Violence Assault (2003); (10) Fourth Degree Assault and Inference with Reporting Domestic Violence (2005); (11) Assault in Violation of No-Contact Order (2005); (12) Obstruction (2005); (13) Possession of Cocaine (2007); (14) Obstruction (2008); (15) Possession of Cocaine with Intent to Deliver (2010); (16) Operate Vehicle without Interlock Device (2011); (17) False Statement (2017); (18) Possession of Methamphetamine with Intent to Deliver (2018) as well as various driving offenses.

The Defendant has a long history of substance abuse and owes more than $14,000 in child support.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

The current offense is serious. A term of imprisonment is necessary to reflect the seriousness of the offense, promote respect for the law, and to provide

Government's Sentencing Memorandum    4

just punishment. In addition to his criminal convictions, the Defendant has a long history of failing to follow orders issued by the court resulting in multiple warrants being issued for his arrest.

The United States submits that a sentence of 262 months imprisonment is required and is necessary to promote respect for the law, and to provide just punishment.

    3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

Despite his criminal history, the Defendant has not been deterred from engaging in criminal activity. In the instant case, the Defendant possessed a firearm and hundreds of fentanyl pills for distribution. Prior terms of incarceration failed to deter the Defendant from engaging in such activities. The United States submits that a lengthy term of imprisonment is required.

    4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

The Defendant is a danger to the community. As noted above, the Defendant has a long history of engaging in assaultive behavior. The United States is particularly concerned due to the mix of fentanyl, methamphetamine, a smoking device, and a firearm.

    5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

The Defendant appears to be in need of vocational training.

## IV.

## GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the Court impose a sentence of 262 months imprisonment to be followed by 5 years of supervised release.

Respectfully submitted this 21st day of March 2024.

                VANESSA R. WALDREF
                United States Attorney

                s\ Thomas J. Hanlon
                THOMAS J. HANLON
                Assistant United States Attorney

I hereby certify that on March 21, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notification of such filing to the following: Paul E. Shelton

                                  s\ Thomas J. Hanlon
                                  THOMAS J. HANLON
                                  Assistant United States Attorney
                                  United States Attorney's Office
                                  402 E. Yakima Ave., Suite 210
                                  Yakima, WA   98901
                                  (509) 454-4425